BLANCHE, Judge.
Plaintiff-appellant, P.A.C.T. Barge Company, is appealing a judgment dismissing its claim for damages against defendant-appel-lee, Bayou Construction of Houma, Inc., and awarding Bayou a judgment of $4,422 in reeonvention.
The claim in the main demand and the reconventional demand arose out of the lease of a barge by Bayou from P.A.C.T. The barge sank on the second day defendant used it and for two days it was necessary to maintain a pump watch, which consisted of personnel manning pumps while the barge was being used. Bayou leased the barge on January 4, 1976, and returned it on March 28, 1976. The lease rate was $65 per day. P.A.C.T. asked for $8,290.65 in repairs and $7,670 for 118 days of lost rental due to the time the barge was being repaired. In reconvention, Bayou asked for $4,422 as damages for resulting expenses of the pump watch and of the unproductive time of men and equipment standing by while the leased barge was pumped out as a result of its leaking condition.
On appeal, P.A.C.T. argues that it was Bayou’s duty to deliver the barge to them in the same state and condition in which it was at the time Bayou took possession, and *891 because no inventory had been made when the barge was delivered, Bayou was presumed to have received it in good order. P.A.C.T. relies on LSA-C.C. arts. 2719-2721, which provide:
“Art. 2719. If an inventory has been made of the premises in which the situation, at the time of the lease, has been stated, it shall be the duty of the lessee to deliver back everything in the same state in which it was when taken possession of by him, making, however, the necessary allowance for wear and tear and for unavoidable accidents.”
“Art. 2720. If no inventory has been made, the lessee is presumed to have received the thing in good order, and he must return it in the same state, with the exceptions contained in the preceding article.”
“Art. 2721. The lessee is only liable for the injuries and losses sustained through his own fault.”
The presumption referred to in Article 2720 which is raised by the failure to inventory is a rebuttable one. We believe, as did the trial judge, that it was successfully rebutted by evidence to the contrary. As a matter of fact, the barge “B-l” had a sinking spell on the Superior Oil job just prior to its use by Bayou. With reference to its condition, the trial judge observed:
“ * * * [T]he court finds that the preponderance of evidence proves that the barge rented by P.A.C.T. Barge Company to Bayou Construction Company of Houma, Inc. was an old barge, worn and damaged over many years of use and exposure to the elements, with holes in the deck, with holes above the waterline but in an area which goes below water when fully loaded within its normal full capacity; that, because of its state of disrepair and the condition mentioned it had sunk on its location on a previous rental at Superior Oil Company premises; that no repairs were made to it by P.A. C.T. Barge Company after said barge came off the Superior location which would prevent recurrence of its sinking.
[[Image here]]
“On the point of the condition of the barge when received by defendant, the testimony of its witnesses is believable, especially the testimony of Mr. Crochet on the subject. Mr. Crochet was an impartial witness. The photographs clearly show an old barge, the damages to which are the result of many years of use, wear and deterioration from the elements and use. Its condition is not the result of a single recent event.” (Written Reasons for Judgment, Record, pp. 42, 43)
The record supports the finding that Bayou returned the barge to P.A.C.T. in as good a condition as when it was received. Accordingly, we affirm the trial court’s dismissal of plaintiff’s claim for damages.
We next turn our attention to Bayou’s reconventional demand. The evidence supports the finding that holes in the deck and above the water line caused the barge to sink when it was loaded, thus occasioning delay in Bayou’s operation and additional expense. However, P.A.C.T. argues that the lessee may not recover from the lessor unless he first notifies the lessor of the vices in the thing leased and calls upon him to make repairs, citing LSA-C.C. art. 2694 and Brignac v. Boisdore, 288 So.2d 31 (La.1973).
However, we find these authorities inapplicable because Bayou does not seek recovery of sums expended for repairs. Bayou seeks damages for expenses in pumping out the barge and resulting expenses for men and equipment standing idle while the barge was being pumped.
For the foregoing reasons, the judgment of the trial court is affirmed, at plaintiff’s costs.
AFFIRMED.